IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| HENRY ERIC JOHNSON, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 5:07-CV-81 (HL) |
| ALEXIS E. L. CHASE; FRED HEAD; JOHN PERRY; T. A. WILLIAMS; T. STEPHENS; Officer TAYLOR; Officer SIMMONS; EVA MANSON; Unknown Cadet, | : |
| Defendants. | : |

## **ORDER**

Plaintiff **HENRY ERIC JOHNSON,** an inmate at Men's State Prison in Hardwick, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He also seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). The Prison Litigation Reform Act provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g)

The Eleventh Circuit has concluded that §1915(g) does not violate the following: The doctrine of separation of powers; an inmate's right of access to the courts; an inmate's right

to due process of law; or an inmate's right to equal protection. Accordingly, the Eleventh Circuit has upheld the constitutionality of §1915(g). ***Rivera v. Allin***, 144 F.3d 719, 721-27 (11th Cir. 1998).

A review of court records reveals that plaintiff has brought numerous civil actions with federal courts in the State of Georgia while incarcerated. At present, at least three of these complaints or appeals have been dismissed as frivolous pursuant to 28 U.S.C. § 1915. *See **Johnson v. Johnson***, 4:95-CV-32 (BAE) (S.D. Ga. March 21, 1995); ***Johnson v.Johnson***, 4:99-CV-239 (WTM) (S.D. Ga. January 10, 2000); ***Johnson v. Boone,*** 5:99-CV-87 (DF) (M.D. Ga. October 29, 2001)(appeal dismissed as frivolous).

Because plaintiff has had three (3) prior dismissals, he cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of § 1915(g). Plaintiff makes the general allegation that he is "in iminent (sic) danger of losing his life, or suffering more greater harm." However, the facts contained in his complaint do not support this allegation. Plaintiff complains of the confiscation and destruction of his legal documents and personal property on February 15, 2007; the lack of grievance procedures; the issuance of unjust disciplinary reports; "green cold cuts"; dirty drinking water; cold water in the shower; the existence of many inmates with staph infections; and verbal abuse by officers. These allegations do not, alone or in the aggregate, amount to "imminent danger of serious physical harm." 28 U.S.C. § 1915(g). Moreover, plaintiff complains about injuries he suffered when he was transferred to Georgia State Prison and the conditions of confinement at Georgia State Prison–where he was presumably confined at some unspecified time in the past. Petitioner is currently confined

at the Men's State Prison in Hardwick, Again, these allegations do now show that plaintiff is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). *See Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (a prisoner must show a present "imminent danger," as opposed to a past danger to proceed under § 1915(g)); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)(conclusory assertions that defendants are trying to kill plaintiff do not show "imminent danger of serious physical injury") *Skillern v. Paul*, 2006 U.S. App. LEXIS 24841 at *4 (11th Cir. October 4, 2006)(explaining that "vague statements do not satisfy the dictates of § 1915(g)").

As plaintiff has had three (3) prior dismissal and has not made a showing of "imminent danger of serious physical injury," his request to proceed *in forma pauperis* is **DENIED** and the instant action is **DISMISSED** without prejudice. If plaintiff wishes to bring a new civil rights action, he may do so by submitting new complaint forms and the entire $350.00 filing fee at the time of filing the complaint.[1]

**SO ORDERED**, this 6th day of March, 2007.

s/  Hugh Lawson
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

lnb

---

[1] In *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002), the Eleventh Ciruit held that a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status, he must pay the filing fee at the time he initiates the suit.